**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:19-cv-10233-DDP-KES                                                                 Date: October 1, 2020

Title:  JEFFREY EDWARD NEFF v. R.C. JOHNSON, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**       **Order Denying Motion to Dismiss Second Amended Complaint (Dkt. 47)**

      Jeffrey E. Neff ("Plaintiff"), an inmate in the custody of California Department of Corrections and Rehabilitation ("CDCR") has filed a civil rights complaint under 28 U.S.C. § 1983 against staff members at California State Prison – Los Angeles County ("CSP-LA").  The operative Second Amended Complaint ("SAC" at Dkt. 43) names the following eleven defendants: (1) I. Mirajes, (2) R. Chhura, (3) F. Villalobos, (4) E. Torres, (5) M. Williams, (6) M. Morataya, (7) R. Johnson, (8) C. Giordano, (9) D. Taylor, (10) M. Plaza, and (11) T. Dejaynes (collectively, "Defendants").  (Dkt. 43 at 3.[1])  In broad strokes, Plaintiff alleges that Defendants beat him while restrained and refused his requests for medical assistance, leaving him naked and bleeding in a cell for hours until he was transported to the hospital and diagnosed with a concussion, broken ribs, and other injuries.  Based on these facts, Plaintiff alleges that Defendants violated his Eighth Amendment right to be free of cruel and unusual punishment by (1) using excessive force and (2) showing deliberate indifference to his serious medical needs.  He also alleges state law claims of battery, intentional infliction of emotional distress ("IIED"), negligence, and conversion.

      In August 2020, Defendants moved to dismiss the SAC advancing ten different arguments.  (Dkt. 47 at 3 [table of contents].)  Plaintiff filed an opposition (Dkt. 49, 50) and Defendants filed a reply (Dkt 51).  Each of Defendants' arguments is addressed below.  Because

---

[1] Citations refer to the pagination imposed by the Court's e-filing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:19-cv-10233-DDP-KES                                        Date: October 1, 2020
Page 2

none prevails, Defendants' motion to dismiss is DENIED. Defendants shall answer the SAC **on or before October 26, 2020**.

## 1.     <u>Argument 1</u>: Uncertainty re Excessive Force Claims.

Defendants argue that Plaintiff's claims for excessive force are "too vague, ambiguous, and uncertain as to which Defendants Plaintiff alleges used excessive force" and "should be dismissed on that basis." (Dkt. 47 at 11-12.)

The SAC alleges excessive force against the following Defendants in a manner sufficient to satisfy Federal Rule of Civil Procedure 8:

| Defendant | Allegation | SAC |
|---|---|---|
| F. Villalobos | Hit Plaintiff while prone; Dragged Plaintiff while restrained; Pushed Plaintiff while restrained face-first into a steel stool; Held Plaintiff down while E. Torres kicked his ribs | ¶¶ 40, 41(f), 42, 44, 45 |
| E. Torres | Hit Plaintiff while prone; Dragged Plaintiff while restrained; Pushed Plaintiff while restrained face-first into a steel stool; Kicked Plaintiff in the ribs while restrained | ¶¶ 40, 41(f), 42, 44, 45 |
| M. Williams | Struck Plaintiff in the head with a baton; Hit Plaintiff while prone | ¶¶ 34, 40, 41(a) and (f), |
| C. Giordano | Struck Plaintiff's head against concrete walkway; Ground Plaintiff's ear into the concrete; Hit Plaintiff while prone; Dragged Plaintiff while restrained; Pushed Plaintiff while restrained face-first into a steel stool; Held Plaintiff down while E. Torres kicked his ribs | ¶¶ 37, 40, 41(c) and (f), 42, 44, 45 |
| D. Taylor | Hit Plaintiff while prone; Dragged Plaintiff while restrained; Pushed Plaintiff while restrained face-first into a steel stool; Held Plaintiff down while E. Torres kicked his ribs | ¶¶ 40, 41(f), 42, 44, 45 |
| M. Plaza | Strangled Plaintiff with handkerchief; Hit Plaintiff while prone | ¶¶ 40, 41(e) and (f) |
| T. Dejaynes | Struck Plaintiff in the head with baton; Hit Plaintiff while prone | ¶¶ 34, 40, 41(a) and (f), |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:19-cv-10233-DDP-KES                                                                     Date: October 1, 2020
                                                                                                                             Page 3

### 2.   Argument 2: Uncertainty re Conversion Claim.

Plaintiff alleges a claim labelled "Tort/Conversion of Property" against Defendant Morataya.  (SAC ¶ 91.)  Defendants argue that this claim must be dismissed because California law "does not recognize [ ] something called 'tort/conversion of property.'"  (Dkt. 47 at 12.)  Liberally construing Plaintiff's pro se SAC, Plaintiff has alleged the tort of conversion sufficiently clearly.  (Dkt. 49 at 9-10.)

In their reply, Defendants argue that it is unclear whether Plaintiff is alleging "statutory conversion or common law conversion."  (Dkt. 51 at 2.)  Defendants, however, go on to cite California case law identifying the elements of either claim, such that any uncertainty does not impair their ability to mount a defense.  (Id.)

In their reply, Defendants also argue that Plaintiff failed to allege facts showing an intent to exercise ownership.  (Id.)  This argument is raised for the first time in the Reply and the Court declines to consider it.

### 3.   Argument 3: Failure to Allege IIED Elements.

Plaintiff alleges IIED against all Defendants.  (SAC ¶¶ 86-88.)  Defendants argue that Plaintiff's allegations are insufficient because he does not allege facts about the severity of his distress, the causal connection between each Defendant's actions and Plaintiff's emotional distress, and Defendants' intent.  (Dkt. 47 at 13.)  Plaintiff alleges that certain Defendants beat him for no reason while he was restrained, causing him very serious injuries, and then refused (along with other Defendants) to get medical assistance for him for hours.  These allegations support an inference that Plaintiff suffered sufficiently severe emotional distress to support an IIED claim.

### 4.   Argument 4: Uncertainty re Negligence Claims.

Plaintiff alleges that Defendants breached their duty of care to ensure he was not beaten in custody and left injured and in pain without medical care.  (SAC ¶ 89.)  Plaintiff's negligence claims are not so uncertain as to require dismissal.

### 5.   Argument 5: Uncertainty re Battery Claims.

Plaintiff sues seven Defendants for battery.  (SAC ¶ 84.)  Based on the excessive force allegations charted above, Plaintiff's battery tort claims against these Defendants are not so uncertain as to require dismissal.

### 6.   Argument 6: Failure to Allege Medical Deliberate Indifference.

Defendants argue that Plaintiff fails to allege deliberate indifference to a serious medical need.  (Dkt. 47 at 15-17.)  Per Defendants, Plaintiff was not ignored in the holding cell after he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:19-cv-10233-DDP-KES | Date: October 1, 2020 |
| | Page 4 |

was injured, because "a nurse come to the holding cell to evaluate Plaintiff's condition." (Id. at 17.) Defendants further argue that even if Plaintiff was ignored, it was only "an isolated incident which as a matter of law does not rise to the level of deliberate indifference." (Id.)

In fact, Plaintiff alleges that he was left in the holding cell for more than five hours without receiving medical attention, despite repeatedly asking multiple defendants for it and telling them he had broken ribs and other serious injuries – injuries later verified at the hospital. These allegations sufficiently state a claim for deliberate indifference to serious medical needs. The "isolated incident" authorities cited by Defendants (Dkt. 47 at 16; Dkt. 51 at 4) are all distinguishable.

### 7.    Argument 7: Qualified Immunity.

This section of the motion appears "pasted" from a brief in a different case. It refers to allegations that Defendants were "involved in a retaliatory termination." (Dkt. 47 at 18.) It does not discuss how qualified immunity would apply to any Defendants in this case. The Court declines to construct arguments for Defendants that they have not briefed.

### 8.    Argument 8: Supervisory Liability Claims.

Defendant Johnson was chief deputy warden at CSP-LA from 2017 to 2018 and has been the acting warden since 2018. See https://www.cdcr.ca.gov/facility-locator/lac/.

Plaintiff was injured in April 2019. Plaintiff alleges that prior to his injuries, Defendant Johnson knew about incidents of violence by staff at CSP-LA but failed to take steps to remedy the situation. (SAC ¶ 18.) Plaintiff alleges two specific dates (October 2016 and September 2017) when Defendant Johnson was informed of staff misconduct involving excessive force and took no steps to remedy it. (Id.)

Defendants argue that Plaintiffs allegations against Defendant Johnson are "patently insufficient" to state a claim for supervisory liability under § 1983. (Dkt. 47 at 20.) Defendants cite Starr v. Baca, 652 F.3d 1202 (9th Cir. 2011), a case holding that Los Angeles County's Sheriff Lee Baca could be liable under § 1983 for violence in County jails because "a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct." (Dkt. 47 at 19-20.) Defendants argue that Starr v. Baca is distinguishable, because in Starr, there were "many allegations in the complaint detailing what Sheriff Baca knew or should have known, and what Sheriff Baca failed to do." (Id. at 20 (quoting Starr, 652 F.3d at 1209).) Defendants, however, fail to address Plaintiff's allegations that on two specific dates, Defendant Johnson was informed of staff misconduct involving excessive force and explain why Plaintiff's allegations are insufficient.

In his opposition, Plaintiff argues that he has adequately pled supervisory liability against Defendant Johnson consistent with Starr v. Baca. (Dkt. 49 at 22.) In support of his allegation

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:19-cv-10233-DDP-KES                                                            Date: October 1, 2020
                                                                                                                     Page 5

that Defendant Johnson knew correctional staff at CSP-LA were frequently and habitually engaging in unconstitutional violence, Plaintiff asks the Court to take judicial notice of declarations filed at Dkt. 2947-4 in <u>Armstrong v. Newsom</u>, Northern District of California case no. 94-cv-2307.  (Dkt. 50.)  That docket entry is a 661-page, June 2020 declaration by counsel prosecuting class actions on behalf of mentally and physically disabled inmates who declare that they observed or experienced violence by correctional staff members.  Exhibits 25-53 to counsel's declaration are April-May 2020 declarations by 29 inmates that "describe misconduct the declarants experienced or witnessed" at CSP-LA.  (Dkt. 2947-4 ¶ 35.)  The Court will not summarize all 29 declarations but provides a short summary of the first 6, as follows:

| Ex. | Time at CSP-LA | Allegations of Mistreatment |
|---|---|---|
| 25 | 2018 (¶ 3) | Staff left suicidal inmate in boxers in holding cage near C-Yard gym, threatened to beat him up, twisted his arm, punched and kicked him, and refused to get medical help after inmate swallowed razor blades (¶¶ 10-22); inmate saw staff beat another inmate (¶¶ 34-37). |
| 26 | 2017 (¶ 10) | Inmate threatened with beatings; tripped by restraints, slammed into the ground, kicked and punched (¶¶ 13-19). |
| 27 | 2018-2019 (¶ 3) | Inmate punched while restrained; saw another inmate punched while restrained (¶¶ 12-17). |
| 28 | 2018 (¶ 34) | Retaliatory taking of property; inmate punched (¶¶ 16-22). |
| 29 | 2015-2019 (¶ 7) | Inmate pepper sprayed and not allowed to shower; dragged while restrained; beaten while restrained (¶¶ 18-22). |
| 30 | 2019-2020 (¶¶ 2-3) | Inmate beaten and knocked unconscious (¶¶ 10-11). |

     Defendants respond by arguing that the Court cannot consider new facts outside the SAC when ruling on a motion to dismiss.  (Dkt. 51 at 4.)  Defendants do not address whether the records identified by Plaintiff are subject to judicial notice, which would enable the Court to consider them.  While the truth of the declarants' statements is not subject to judicial notice, the Court can (and does) take judicial notice of the fact that 29 inmates submitted declarations claiming to have been injured by excessive force inflicted by CSP-LA staff members, many during years when Defendant Johnson was the acting warden or chief deputy warden.  This is sufficient to support Plaintiff's claim against Defendant Johnson for supervisory liability at the pleading stage.  The parties will need to engage in discovery to prove (or disprove) the factual basis of the claim.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 2:19-cv-10233-DDP-KES                                                                                          Date: October 1, 2020
                                                                                                                                              Page 6

### 9. Argument 9: Failure to Comply with Government Claims Act.

Plaintiff alleges that he complied with California's Government Tort Claims Act at California Government Code section 905 et seq. (SAC ¶ 16.) Defendants argue that Plaintiff failed to submit a government claim for negligence, barring his claim. (Dkt. 47 at 21.) Defendants ask the Court to take judicial notice of two government claims Plaintiff submitted after the events described in the SAC. (Dkt. 47-1.) Plaintiff does not dispute that these are claims he submitted, but he argues that they are legally sufficient to support all the claims in the SAC. (Dkt. 49 at 23-24.)

One claim alleges that Plaintiff was assaulted and denied medical care. (Dkt. 47-1 at 7.) The other alleges "loss of personal property by staff – negligence." (Id. at 16.) Thus, the documents presented by Defendants for judicial notice disprove Defendants' own assertion that "Plaintiff made no government claim for negligence." (Dkt. 47 at 21.) To the extent Defendants intended to argue that Plaintiff's government claims do not describe a negligence claim in connection with Plaintiff's physical injuries, Defendants do not adequately support that argument. Defendants do not discuss the required contents of a government claim by citing the applicable statutes, the doctrine of substantial compliance, or what latitude, if any, should be afforded a pro se claimant who describes his injuries but does not include all the proper legal labels. In their reply, Defendants do not address the cases cited in Plaintiff's opposition. Compare Dkt. 49 at 23, with Dkt 51 at 5.

### 10. Argument 10: Supplemental Jurisdiction.

Defendants urges the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (Dkt. 47 at 21-22.) Because the Court declines to dismiss Plaintiff's federal law claims, the Court will exercise its discretion and retain supplemental jurisdiction over Plaintiff's state law claims.

                                                                                                                        Initials of Deputy Clerk JD